UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW JAY WOOD,

        Petitioner,               Case No. 2:23-cv-12674
                                          Hon. Jonathan J.C. Grey

v.

CHRIS KING,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
TO DISMISS PETITION FOR WRIT OF
HABEAS CORPUS (ECF No. 8)**

Michigan prisoner Matthew Jay Wood filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. Wood challenges his 2016 Jackson Circuit Court conviction of three counts of first-degree criminal sexual conduct, one count of gross indecency, and one count of second-degree criminal sexual conduct.

Before the Court is Respondent's motion to dismiss the petition, asserting that it was filed after expiration of the one-year statute of limitations. (ECF No. 8.) Wood did not file an answer to the motion.

I.   **Background**

Wood was charged with sexually assaulting his two stepdaughters when they were under the age of thirteen. The allegations came to light approximately five years after the girls' mother divorced Wood, when one of the complainants told a camp counselor that she had been sexually abused. (ECF No. 9-9, PageID.719-24.)

After a 2016 jury trial in the Jackson Circuit Court, Wood was convicted of the offenses indicated above. (ECF No. 9-5, PageID.620.) Wood was subsequently sentenced to a controlling prison term of 25 to 50 years for the first-degree criminal sexual conduct convictions and lesser concurrent terms for his other offenses. (ECF No. 9-6, PageID.631-32.)

Wood filed a timely appeal of right in the Michigan Court of Appeals. His appellate counsel filed a brief on appeal asserting that hearsay and other-acts evidence were erroneously admitted at trial. (ECF No. 9-9, PageID.713.) Wood also filed a supplemental pro se brief asserting that insufficient evidence was presented at trial. (ECF No. 9-9, PageID.672.) On October 19, 2017, the Michigan Court of Appeals affirmed his conviction. *People v. Wood*, No. 333944, 2017 WL 4700034 (Mich. Ct. App. 2017). Wood appealed to the Michigan Supreme Court,

but on July 3, 2018, leave to appeal was denied. *People v. Wood*, 913 N.W.2d 320 (Mich. 2018).

Viewing the record most favorably to Wood, it appears he first attempted to file a motion for post-conviction review in the state trial court on April 5, 2017, well before his direct appeal became final. (ECF No. 9-7, PageID.635.)

The state trial court interpreted the post-conviction motion to be raising five claims: (1) prior acts of physical abuse were improperly admitted at trial, (2) the complainants did not properly identify Wood as the perpetrator during trial, (3) the complainants' testimony was not credible, (4) the complainants' testimony was not corroborated by physical evidence, and (5) there is a significant possibility that Wood is innocent. (ECF No. 9-11, PageID.1120.) The trial the court denied the motion by opinion dated August 6, 2019. (*Id.*, PageID.1118-23.)

Wood appealed this decision to the Michigan Court of Appeals. On April 24, 2020, the court denied leave to appeal because Wood "failed to establish the trial court erred in denying the motion for relief from judgment." (*Id.*, PageID.1097.) Wood did not appeal this decision to the Michigan Supreme Court. (ECF No. 9-8, PageID.636.)

3

On January 4, 2021, Wood filed a second pro se post-conviction motion in the state trial court. (ECF No. 9-12, PageID.1257.) The trial court identified the motion as raising the following claims: (1) defense counsel was ineffective for failing to impeach an expert witness on child development, (2) testimony from a pastor was improperly admitted at trial, (3) a proper DNA analysis would have excluded Wood as a suspect, (4) the prosecutor failed to produce an eyewitness at trial, (5) prior acts evidence was improperly admitted, (6) the trial court improperly considered Wood to be a sexual deviant at sentencing, (7) two witnesses were improperly subjected to stalking, rape, and molestation by the police, (8) Wood's preexisting pelvic injury made it impossible for him to commit the crimes, (9) the prosecution of Wood constituted stalking, and (10) the change in Michigan Rule of Evidence 1101(b)(9) requires the court to consider whether Wood's divorce proceeding conciliation report supports his credibility. (*Id.*, PageID.1260-61.)

On March 3, 2021, the court issued an opinion denying the motion because Wood did not identify any retroactive change in the law or newly discovered evidence that would authorize a successive state post-

4

conviction proceeding under Michigan Court Rule 6.502(G). (*Id.*, PageID.1261-62.)

Wood appealed, but on June 22, 2021, the Michigan Court of Appeals denied leave to appeal because Wood "failed to establish that the trial court erred in denying the successive motion for relief from judgment." (*Id.* PageID.1237.) Wood did not file for leave to appeal in the Michigan Supreme Court. (ECF No. 9-8, PageID.636.)

Over two years later, on October 5, 2023, Wood signed and dated the present habeas petition. (ECF No. 1, PageID.14.) The petition raises the following claims: (1) Wood's confrontation rights were violated at trial when a witness read from their preliminary examination testimony and a DHS caseworker was unavailable to testify, (2) Wood's speedy trial rights were violated by an eight-month delay between his arrest and trial and the several-year delay between the alleged crimes and trial, (3) trial counsel was ineffective for failing to object to the prior acts evidence, and (4) two jurors were biased against Wood. (*Id.*, PageID.5-10.)

On April 29, 2024, Respondent filed a motion to dismiss the action under the statute of limitations. (ECF No. 8.) Petitioner did not file a response.

5

## II. Analysis

A one-year statute of limitations governs federal habeas corpus petitions filed by state prisoners. The limitations period runs from the latest of one of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (A)-(D).

Furthermore, under § 2244(d)(2) the limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending."

There is room for debate when the statute of limitations started running in this case. For example, some of Wood's post-conviction claims

can be interpreted as being based on newly available evidence, and one claim is based on a change in Michigan evidentiary law. Likewise, there is room for debate as to the date Wood filed his first application for state post-conviction review to trigger the tolling provision of § 2244(d)(2). And there is a question whether Wood's second state post-conviction review proceeding was even "properly filed" so as to toll the limitations period. Respondent seeks to avoid all these questions and assume arguendo that they can be resolved in Wood's favor. (ECF No. 8, PageID.72-73.)

Under this view—the one most favorable to Wood—it can be assumed that no time whatsoever ran on the limitations period until after Wood completed his second state post-conviction review proceeding. By that point, Wood's conviction was surely final, and Wood had discovered and raised the factual basis for all his claims. Under this view, the limitations period began running on June 23, 2021, after state post-conviction review was complete, and neither the habeas petition nor the record suggests any conceivable later starting point.

Wood did not submit his federal habeas petition until October 5, 2023, over two years after the latest possible starting point for the

7

limitations period. The petition was therefore untimely filed unless Wood can demonstrate entitlement to equitable tolling.

A habeas petitioner is entitled to equitable tolling "if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is applied "sparingly." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

The petition and record suggest two possible bases for equitable tolling. First, Wood asserts in his petition that he "had issues with the Department of Corrections where I have been attacked and it has interfered with following appropriate procedure." (ECF No. 1, PageID.5.) Wood also asserted in state court that a medical condition renders it impossible for him to have committed the offenses. (ECF No. 9-11, PageID.1120.)

Wood makes no effort to expand on the allegation that issues within the MDOC have interfered with his ability to follow "appropriate

8

procedure." He does not state the dates that any such problems occurred, nor does he indicate how they prevented him from complying with any filing requirements. Wood's vague and generalized allegations about difficult prison conditions are insufficient to demonstrate entitlement to equitable tolling. *See, e.g., Andrews v. United States*, 2017 U.S. App. LEXIS 28295, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) (habeas petitioner not entitled to equitable tolling where he did not "sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition").

Next, the Court notes that a habeas petitioner may demonstrate entitlement to equitable tolling if he establishes that he is actually innocent. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see also Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005).

Wood made only a brief protestation of innocence in his state court filings. He vaguely referred to a pelvic condition that demonstrates his

9

innocence, but neither in the state courts nor in this Court did Wood proffer any evidence at all suggesting that he has a viable claim of actual innocence. Wood, therefore, has failed to establish entitlement to equitable tolling.

Accordingly, the Court finds that the petition was filed after expiration of the one-year statute of limitations, and Wood is not entitled to equitable tolling.

Furthermore, because jurists of reason would not debate the Court's conclusion, the Court will also deny Wood a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Finally, the Court will deny permission to appeal in forma pauperis because any appeal of this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

### III. Conclusion

Therefore, the Court 1) **DISMISSES** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED**.

s/ Jonathan J.C. Grey
Hon. Jonathan J.C. Grey
United States District Judge

Dated: August 26, 2024

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 26, 2024.

s/ S. Osorio
Sandra Osorio
Case Manager

11